## Pulis *et al. versus* Sanborn.

Pulis attached a boat of Sanborn for work done ; he afterwards agreed in writing, in consideration of $400, which were paid by Sanborn, to complete the boat, withdraw the attachment, and "not put any further lien or attachment on said boat or machinery," and Sanborn agreed to pay the balance beyond $400 in thirty days ; having failed to do so, Pulis libelled the boat : *Held,* that Pulis had waived his right to create a lien on the boat, and that the payment of the balance was a personal agreement of Sanborn.

ERROR to the Court of Common Pleas of *Wayne county.*

This was a proceeding by libel, &c., in which John S. Pulis and George W. Stearns, partners as Pulis & Stearns, were libellants, against the canal-boat "Lady Jane," and Jesse K. Sanborn, master.

Pulis & Stearns, under a contract with Sanborn, who resided in New York, had done some work to the canal-boat ; the work being unfinished and they not paid, they issued a foreign attachment against Sanborn, and attached the boat. They afterwards, on the 21st of May 1862, entered into the following agreement with Sanborn :—

" For and in consideration of the sum of two hundred dollars, to us in hand paid by the above-named defendant, and the further sum of two hundred dollars to be paid on the completion of said machinery, and when same shall be placed in good working order in said boat, which we agree to go on and complete and put in within forty days from this date, we do hereby withdraw, relin-

[Pulis *v.* Sanborn.]

quish and discharge the said attachment, and all proceedings under the same, and do further stipulate and agree that we will not put any further lien or attachment upon said boat or machinery, and that the same shall be completed in conformity with orders and instructions of H. Plumb, engineer for said Sanborn, without further delay. Any balance that may be due to us over and above the four hundred dollars above mentioned, said Sanborn is to pay us within thirty days after the completion of the said boat and machinery, in accordance with the original contract of said Sanborn."

The work was completed, and $400, the first two payments, made. A libel was filed by one Plumb against the boat and Sanborn. The balance due Pulis & Stearns remaining unpaid after the "thirty days," they were admitted on the record as libellants.

The court below (Barrett, P. J.) instructed the jury that Pulis & Stearns had by the agreement " waived their right to create a lien on the boat."

This was the principal error assigned.

*F. M. Crane* and *H. M. Seely,* for plaintiffs in error, cited Chitty on Cont, 63 ; Pars. on Contracts 386 ; 2 Kent Com. 465 ; Schilling *v.* Durst, 6 Wright 126 ; Act June 13th 1836, § 1, Purd. 62 ; § 9, Id. 63.

.*G. G. Waller,* for defendant in error.

The opinion of the court was delivered, October 17th 1866, by

AGNEW, J.—All the errors assigned depend upon the interpretation of the agreement between Sanborn and Pulis & Stearns. We are not convinced by the argument that the court below misconceived the true purpose and provisions of that agreement. It had two objects, the settlement of the legal proceeding then depending, and prevention of further proceedings of a similar nature and the completion of the machinery to be put in the boat by the plaintiffs. The consideration of the first purpose was the payment of $400, to wit, $200 in hand, and $200 at the completion of the work ; and of the second was the agreement of Sanborn personally to pay the balance.

The argument of the plaintiff in error is founded on the position that the payment of the whole price was the consideration of the release of the lien and right to proceed by attachment. But this comes into direct conflict with the express and very precise terms of the agreement. The agreement is that in consideration of the payment of $200 in hand, and $200 on completion of the work, Pulis & Stearns agree to withdraw their attachment, and that they will not put any further lien or attachment on the boat or machinery. It is only after this explicit agreement to hold no lien in con

2 P. F. SMITH—24

[Pulis *v.* Sanborn.]

sideration of the $400 " above mentioned," Sanborn agrees to pay any balance that may be due within thirty days after completion. It is impossible to avoid seeing that the prime purpose of the parties was to relieve the boat from liability upon payment of a specified sum, $400, and to substitute Sanborn's personal liability for the balance, whatever it might be. This being the case, no right of lien existed, and all the errors assigned, therefore, fall to the ground, or are immaterial, and the judgment must be affirmed.

Judgment affirmed.